IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACQUES MIRANDA,<br><br>               Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No: 2:18-cv-362-DB<br>2:17-cr-159-DB<br><br>District Judge Dee Benson |

Before the Court is Petitioner Jacques Miranda's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Having considered the motion and pleadings, having reviewed the file, and being otherwise fully informed, the court enters the following Memorandum Decision and Order.

**PROCEDURAL HISTORY**

On March 2, 2017, the United States filed a Complaint against Petitioner for Possession of Methamphetamine with Intent to Distribute, pursuant to 21 U.S.C. §841(a)(1). (Case No. 2:17-cr-159, Dkt. No. 1.) On March 6, 2017, Petitioner made his initial appearance, and Benjamin Hamilton of the Federal Public Defenders Office was appointed to be his counsel. (Case No. 2:17-cr-159, Dkt. Nos. 3 and 4.) On March 15, 2017, a federal grand jury returned an Indictment against Petitioner alleging one count of Possession of Methamphetamine with Intent to Distribute, pursuant to 21 U.S.C. §841(a)(1). (Case No. 2:17-cr-159, Dkt. No. 9.) Count I of the Indictment alleged that Petitioner knowingly and intentionally possessed with intent to distribute 50 grams or more of methamphetamine. (*Id.*)

On May 8, 2017, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Petitioner entered into a plea agreement whereby he pled guilty to a Superseding Information,

(Case No. 2:17-cr-159, Dkt. No. 17,) alleging possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. §841(b)(1)(B). In exchange for his plea, the government and the court agreed with Plaintiff that his sentence would be 84 months of imprisonment with 48 months of supervised release to follow, under standard and special conditions. (Case No. 2:17-cr-159, Dkt. No. 20.)

In his plea and sentencing hearing, Petitioner waived his right to prosecution by indictment in open court pursuant to Federal Rule of Criminal Procedure 7(b). (Case No. 2:17-cr-159, Dkt. No. 18.) Petitioner's 11(c)(1)(C) plea agreement included an appeal waiver, which prohibited him from appealing or challenging his sentence, except with respect to the ineffective assistance of counsel. (Case No. 2:17-cr-159, Dkt. No. 20.)

On May 3, 2018, Petitioner filed a timely Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 18 U.S.C. § 2255, arguing ineffective assistance of counsel. (Dkt. No. 1.) On May 7, 2018, Petitioner filed an Addendum to his §2255 motion. (Dkt. No. 2.) The government responded to Petitioner's Motion on July 6, 2018. (Dkt. No. 4.)

## FACTUAL BACKGROUND

On March 1, 2017, Petitioner was traveling to Salt Lake City from Los Angeles through Las Vegas. Based on information submitted by confidential informants, an investigation of several law enforcement agencies, and cell phone location data acquired pursuant to two warrants[1], an attempt to locate (ATL) was issued with respect to Petitioner. The ATL identified Petitioner's vehicle and notified law enforcement that Petitioner was suspected to be transporting

---

[1] *See* 2:16-mj-566 and 2:17-mj-79.

narcotics. The ATL further instructed law enforcement to obtain independent probable cause prior to making a traffic stop.

Petitioner was first stopped pursuant to the ATL in the afternoon of March 1, 2017, by Utah Highway Patrol in Nephi, Utah. The trooper observed Petitioner, noted that he was confrontational, but gave Petitioner a warning rather than a citation, and did not question or search Petitioner. Petitioner continued to travel toward Salt Lake City.

At approximately 7:00 PM that evening, Utah State Troopers Barret and Rowley observed Petitioner's vehicle entering Salt Lake City. The troopers followed Petitioner's vehicle off the freeway and through downtown Salt Lake City. As Petitioner's vehicle passed through downtown Salt Lake City, the troopers observed the vehicle fail to signal as it switched lanes, and they initiated a traffic stop. While the Troopers issued a traffic citation, K-9 officers and Petitioner's parole officer were contacted.

Two K-9 officers and Petitioner's parole officer arrived shortly thereafter. The first K-9 officer to arrive was unable to allow his dog to sniff around the vehicle, per department policy, as Petitioner declined to exit his vehicle. Parole officers arrived thereafter and began to search the vehicle. When one of the parole officers requested access to the trunk of the vehicle, Petitioner stated that it was inaccessible. A second K-9 officer then arrived; the dog sniffed the vehicle and indicated in the trunk area. Trooper Rowley then used Petitioner's key to open the trunk. Inside of the trunk in a black pelican box, the officers discovered one pound of methamphetamine. Petitioner was placed under arrest and taken to the State Bureau of Investigation for questioning.

At the time of the ATL and stop, Petitioner was a parolee of the State of Utah. Utah law requires that "[a]n inmate who is eligible for release on parole shall, as a condition of parole,

3

sign an agreement…that the inmate…is subject to search or seizure of the inmate's person, property, place of temporary or permanent residence, vehicle or personal effects while on parole: (a) by a parole officer at any time, with or without a search warrant, and with or without cause; and (b) by a law enforcement officer at any time, with or without a search warrant, and with or without cause…." Utah Code § 77-23-301.

Consistent with Utah law, on November 17, 2015, Petitioner signed a parole agreement. Above his signature, Petitioner affirmed: "I have read, understand and agree to be bound by this agreement." The agreement, in relevant part, stated:

> Pursuant to state law [Utah Code §77-23-301], while I am on parole I am subject to search and seizure of my person, property, place of temporary or permanent residence, vehicle, or personal effects by a parole officer or by any other law enforcement officer at any time (with or without a search warrant and with or without cause); however a law enforcement officer who is not my parole officer must either have approval from a parole officer or have a warrant for a search of, or seizure from, my residence.

(Dkt. No. 4, Exh. 3.)

## DISCUSSION

Section 2255 allows prisoners in federal custody to move for their sentences to be vacated, set aside, or corrected if their "sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Petitioner challenges his sentence on the basis of ineffective assistance of counsel. He claims his counsel was ineffective because 1) his counsel did not file a motion to suppress evidence, and 2) his counsel did not consider the inapplicability of the Armed Career Criminal

Act ("ACCA") sentencing enhancements and move to withdraw his plea within fourteen days of Petitioner's sentencing. (Dkt. Nos. 1-1 and 2.)

To make out a claim for ineffective assistance of counsel, a petitioner must satisfy two prongs: (1) petitioner "must show that counsel's representation fell below an objective standard of reasonableness;" and (2) petitioner must demonstrate that "any deficiencies in counsel's performance [were] prejudicial to [petitioner's] defense." *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).

A court assessing an ineffective assistance of counsel claim "must be highly deferential" to counsel and make "every effort…to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. The court must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

*Failure to File a Motion to Suppress Evidence*

In his Motion, Petitioner argues that his counsel was ineffective for failing to move to suppress the evidence against him, arguing that it was obtained in violation of his Fourth and Fifth Amendment rights. The court finds that Petitioner's counsel's failure to file a motion to suppress evidence did not fall below an objective standard of reasonableness and was not prejudicial to Petitioner's defense, because a motion to suppress evidence would not have been successful.

Petitioner signed an agreement in connection with his parole in which he expressly consented to searches by parole officers. The evidence which Petitioner would seek to suppress was all discovered in the course of a lawful search by parole officers, consistent with Petitioner's agreement. Petitioner argues that his parole agreement, and the Utah law authorizing it, are

5

unconstitutional. However, the Supreme Court has held that a suspicionless search of a parolee pursuant to a state law and parole agreement almost identical to those here was reasonable under the Fourth Amendment. *Samson v. California*, 547 U.S. 843, 855 (2006). As in *Samson*, Petitioner signed a parole agreement—affirming that he had read, understood, and agreed to be bound to it—which clearly stated that he may be subject to suspicionless searches with or without cause. The court finds no evidence of coercion in its execution. Petitioner's parole agreement was lawfully executed and not unconstitutionally vague or overbroad.

Petitioner further argues that the search was nevertheless improper because his parole officer acted as a "stalking horse" for law enforcement officers. It is "well established that a probation officer cannot act as a 'stalking horse' on behalf of police to assist police in evading the Fourth Amendment's warrant requirement." *United States v. McCarty*, 82 F.3d 943, 947 (10th Cir. 1996). "A probation officer acts as a stalking horse if he conducts a probation search on prior request of and in concert with law enforcement officers." *United States v. Watts*, 67 F.3d 790, 794 (9th Cir.1995).

Petitioner has provided no facts that would support an inference that his parole officer acted as a "stocking horse." The law enforcement officers investigating Petitioner kept Petitioner's parole officer apprised of the investigation, including the warrants obtained to acquire Petitioner's cell phone location information. When Petitioner was pulled over for an independent reason, Petitioner's parole officer was notified, and the parole officer requested that the officers remain with Petitioner until he arrived to conduct a search. Those actions were not intended to, nor did they, circumvent the Fourth Amendment and its warrant requirement.

Pursuant to the totality of the circumstances test set forth in *Samson*, under the circumstances of the search here, including the clear and unambiguous terms of Petitioner's

6

parole agreement, Petitioner "did not have an expectation of privacy that society would recognize as legitimate." 547 U.S at 852. And a motion to suppress the evidence obtained during the course of that search would have been unsuccessful. Accordingly, Petitioner's counsel's failure to file a motion to suppress evidence did not fall below an objective standard of reasonableness and was not prejudicial to Petitioner's defense.

*Failure to Consider the ACCA and Withdraw Plea*

In his Addendum to §2255 Motion, Petitioner argues that his counsel misunderstood how the ACCA would apply to his sentence, and failed to withdraw Petitioner's plea once Petitioner raised the sentencing issue with his counsel. The court finds that Petitioner's argument is a non-issue. Regardless of any sentencing enhancements Petitioner's counsel may or may not have considered, the conduct for which Petitioner was charged in the original Indictment required a minimum mandatory sentence of ten years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Petitioner's sentence pursuant to his plea agreement was 84 months' imprisonment. Thus, Petitioner's sentence was dramatically less than the court would have been required to impose under the Indictment. So, any misunderstandings Petitioner's counsel may have had regarding ACCA sentencing enhancements were not prejudicial to Petitioner's defense.

## CONCLUSION

For the reasons set forth herein, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DENIED. Petitioner's Motion for Leave to Conduct Discovery (Dkt. No. 5) is DENIED. The court also hereby DENIES a certificate of appealability in this case, pursuant to Rule 11 of the Rules Governing Section 2255 cases.

DATED this 8th day of March, 2019.

BY THE COURT:

Dee Benson
United States District Judge